(No. 25236.—

THE NEW NATIONAL COAL COMPANY, Defendant in Error,
vs. THE INDUSTRIAL COMMISSION et al.—(OTILDA RET-
TLE, Plaintiff in Error.)

*Opinion filed February 13, 1940—Rehearing denied April 12, 1940.*

FARTHING and SHAW, JJ., dissenting.

C. C. DREMAN, for plaintiff in error.

W. C. ROPIEQUET, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

Otilda Rettle, widow and beneficiary of Clifford Rettle,
deceased, filed her application for adjustment of claim under
the Workmen's Compensation act. It was stipulated that
Rettle sustained an accidental injury arising out of and in
the course of his employment which resulted in the loss by
amputation of his right thumb; that compensation for tem-
porary total incapacity had been paid; that his earnings

for the year next preceding his injury were $1560, and his average weekly wage was $30; that Otilda Rettle was his widow and, during his lifetime, his sole dependent; that Rettle died from causes unrelated to the injury in question, and that at the time of his death no award had been made by an arbitrator or by the Industrial Commission and no settlement contract has been entered into between the parties and approved by the Industrial Commission. The arbitrator entered an award denying compensation, which was reversed by the Industrial Commission. The circuit court of St. Clair county reversed the decision of the commission and entered judgment for the employer, the New National Coal Company. We have allowed a petition for writ of error, and the cause is here for further review.

The question presented is whether plaintiff in error, as the sole dependent of an injured employee who died from causes unrelated to the injury, may recover the amount of compensation deceased would have been entitled to if he had lived, although no award by the Industrial Commission had been entered and no settlement contract by the parties was made and approved by the Industrial Commission prior to the death of the injured employee. The answer to this question depends on the construction of section 8(e)19, of the Workmen's Compensation act, (Ill. Rev. Stat. 1939, chap. 48, par. 145(e)19), which reads: "In a case of specific loss under the provisions of this paragraph and the amount of which loss has been determined under the provisions of this act, and the subsequent death of such injured employee from other causes than such injury, leaving a widow and/or lineal dependents surviving before payment in full for such injury, then and in that event the balance remaining due for such injury shall be payable to such dependents, in the proportion which such dependency bears to total dependency."

Plaintiff in error contends the statute means that where an employee sustains loss of a member of his body and sub-

sequently dies from an independent cause without having been compensated for such loss, if the number of weeks to be allowed and the amount per week can be ascertained from the provisions of the act, the injured employee's widow or beneficiary may recover the unpaid balance. Defendant in error's position is there can be no recovery unless, prior to the death of the employee, either the arbitrator or Industrial Commission has made an award for compensation or the commission has approved a settlement contract entered into between the parties.

The real controversy is over the meaning of the word "determined," as used in the statute. Plaintiff in error argues that paragraph 145(e)19, *supra,* is complied with if the amount of compensation to be paid can be determined or ascertained from the provisions of the act. Defendant in error insists the question must, prior to the employee's death, have been determined or settled by an administrative tribunal provided in the act or by contract approved by such tribunal.

It may be noted that this statutory provision applies only to cases of specific loss. The amount of compensation to be paid in every specific loss case is set forth in the statute, so, according to plaintiff in error's contention, this provision is broad enough to cover all cases of specific loss followed by death from an independent cause before any proceedings have been had to fix the right to and amount of compensation. We are convinced this is not the correct meaning of the statute. It refers to cases of specific loss under the provisions of this *paragraph,* the amount of which loss has been determined under the provisions of this *act,* and to the subsequent death of the employee before "payment in full" for such injury and provides for payment of the "balance remaining due." It refers to a loss the amount of which has been determined, and not to one the amount of which may be determined. We think it clear that the determination referred to is a determination by the machinery

or methods provided in the act; that is, by proceedings before the Industrial Commission or arbitrator or by settlement contract approved by the commission. It refers to death subsequent to such determination, and the determination is to be under the provisions of the act, and not under the provisions of paragraph 145(e)19. The whole import of the paragraph is that it covers cases where the rights of the parties have been established in some method provided by the act prior to the employee's death, and the purpose of this provision is to preserve the right to recover the balance which has been fixed but not paid. This construction conforms to the ordinary definition of the word "determine." Webster's International Dictionary, (p. 608, par. (4), defines it as follows: "To bring to a conclusion, as a question or controversy; to settle by authoritative or judicial sentence; to decide; as the court has determined the cause."

Plaintiff in error argues such a construction will do violence to the intention of the General Assembly, practically nullify its effect, and work injustices in many cases where the employee dies before he has had time to adjust or settle his claim. The legislative intention is to be sought from the language used in the statute, and where the meaning of a statute is plainly expressed, courts cannot attribute to it a different meaning. (*Moweaqua Coal Corp.* v. *Industrial Com.* 360 Ill. 194; *People* v. *Nelson,* 349 id. 193.) Moreover, it is to be observed that prior to 1929 the right to compensation was extinguished by the death of the person or persons entitled to receive it, except for the provision relative to compensation for death. In 1929, the General Assembly passed the paragraph under discussion. (Laws of 1929, p. 449.) This provision, then, is an exception to the general rule that death extinguishes the right to compensation. The extent of the exception intended by the General Assembly can be gathered only from the language employed by it. If the General Assembly had intended to lay down a general rule that death should not extinguish the em-

ployee's right to compensation in cases of specific loss, it could easily have so stated.

Counsel for plaintiff in error concedes that in some specific loss cases, such as where there is a dispute as to the cause or extent of the injury or as to the correct amount of weekly compensation, an award or settlement contract made prior to death is essential, but argues that where it is stipulated that the accident caused the loss of the entire thumb, the compensation rate per week is not disputed, and nothing else is to be decided, a different rule obtains. The difficulty in this argument is that there is no language in the statute to justify such a distinction.

Accordingly we hold that section 8(e) 19, *supra,* applies only where the right to and the amount of compensation have been fixed by the arbitrator or the Industrial Commission, or by a settlement contract approved by the Industrial Commission, prior to the death of the injured employee.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

FARTHING and SHAW, JJ., dissenting.