271 So.2d 251

Vinia OWENS, as Administratrix,

v.

E. O. WARD, d/b/a E. O. Ward Contractors, et al.

Civ. 9.

Court of Civil Appeals of Alabama.

Dec. 13, 1972.

Rehearing Denied Jan. 3, 1973.

294

Rushton, Stakely, Johnston & Garrett, and Henry C. Chappell, Jr., Montgomery, for appellees.

———◆———

Albert W. Copeland, Montgomery, for appellant.

WRIGHT, Presiding Judge.

Lindsey Owens was an employee of appellee, E. O. Ward and others and subject

to the Alabama Workmen's Compensation Act. He was injured on his job on September 3, 1969. He was paid compensation benefits through March 11, 1970. A dispute arose between Owens and his employer as to his right to further benefits. Owens died on August 6, 1970 from causes unrelated to his injury.

Suit was brought in Montgomery County Circuit Court by Vinia Owens as administratrix of the estate of her deceased husband under the Workmen's Compensation Act.

The complaint claimed permanent total disability of deceased due to his injury and averred that the plaintiff was entitled to receive from defendant benefits which the deceased would have been due had he lived. It was alleged in the complaint that no agreement as to benefits due for the injury had been reached prior to the bringing of the suit.

For answer to the complaint, appellee averred there was no cause of action in plaintiff in any capacity under the provisions of the Workmen's Compensation Act, for that there had been no agreement between employer and employee as to the amount of compensation due nor any award by a court prior to the death of the employee. The provisions of Title 26, § 279 (F) were set out in the answer.

Demurrer was interposed to the answer as though it were a special plea. It was so considered by the trial court and demurrer was overruled. As a result of the court's ruling on demurrer, plaintiff moved for a nonsuit. Plaintiff's motion for nonsuit was granted with leave to appeal. Such is the posture of the matter as it comes before this Court.

Whether the matter is brought here for review of the trial court's ruling on demurrer to the plea or answer under the technical description of an appeal, or certiorari, appears to us to be of little consequence. Such point is not raised by the parties and they are to be commended in such procedure. By whatever name, the matter is here, and we will consider it as an appeal from a voluntary nonsuit due to adverse ruling of the trial court.

The question presented by the overruling of the demurrer to the plea of appellee is— Does a cause of action survive to the dependent wife or personal representative for benefits under the Workmen's Compensation Act of Alabama, when an employee injured in the course of his employment dies from causes other than his injury?

Appellant in brief and oral argument has chosen to limit the question in issue to: Is there a cause of action for accrued but unpaid benefits for an injury in the dependent wife or personal representative of a deceased employee who dies from causes unrelated to his injury without having an agreement or a judgment as to the benefits due?

In either form, the question is one of first impression in Alabama since the passage of amended Title 26, § 279(F).

It is appellant's contention that the Workmen's Compensation Act has no provision giving answer to the question as to survival of a cause of action for benefits, thus the answer is supplied by the general act as to survival of causes of action which is Title 7, § 150 of the Code.

Title 7, § 150 provides that causes of action sounding in contract survive, but those sounding in tort do not. It is appellant's position that an action for Workmen's Compensation benefits is in contract.

There is no question but that the Workmen's Compensation Act of Alabama is contractual. Title 26, §§ 270–277, Code of Alabama 1940. Tennessee Coal & Iron Division, U. S. Steel Corp. v. Hubbert, 268 Ala. 674, 110 So.2d 260, and cases therein cited. Any cause of action, right or remedy at common law or by statute of the employee, his personal representative or dependents on account of an injury, is excluded by the contract and only those rights and remedies provided by the Workmen's Compensation Act are available. Title 26, §§ 271–272.

■ Thus it is because of the terms of the contract itself that we lay aside any application of the general statute, Title 7, § 150, to the question presented. By accepting the provisions of the Workmen's Compensation Act, it becomes the contract between employer and employee insofar as rights or remedies for injury in employment are concerned, and all others, whether common law or statutory, are waived. National Cast Iron Pipe Co. v. Higginbotham, 216 Ala. 129, 112 So. 734; Foster v. Continental Gin Co., 261 Ala. 366, 74 So.2d 474.

Prior to amendment of Title 26, § 279(F) in 1955, there was no provision in the compensation act for any payment of benefits for injury after the death of an employee to a personal representative or surviving dependents when the death was unrelated to the cause of injury.

It was held in United States Steel Corp. v. Baker, 266 Ala. 538, 97 So.2d 899, a case of first impression in Alabama, that payment of benefits was limited to those falling due during the lifetime of the employee when death was due to unrelated causes. This decision was rendered even though there had been a court approved settlement for benefits extending over a period of 300 weeks, and death occurred from unrelated cause less than one year thereafter. The above cited decision was followed by the cases of Woodward Iron Co. v. Horton, 267 Ala. 449, 103 So.2d 717; and Tennessee Coal & Iron Div. v. Hubbert, supra. The same rule prevails in Minnesota, whose Workmen's Compensation Act served as the model for our own. See Tierney v. Tierney, 176 Minn. 464, 223 N.W. 773; in Mississippi see M. T. Reed Const. Co. v. Martin, 215 Miss. 472, 61 So.2d 300, 63 So.2d 528.

The theory underlying all these decisions is that the rights of the employee are purely statutory. Benefits are in lieu of wages intended for the personal benefit of the employee, and the right thereto is not transferable to others. Certain rights of dependents being specified by the statute, they possess only those so specified.

So it is therefore clear that prior to amendment of § 279(F) in 1955, there was no right of recovery in the personal representative or dependents for benefits determined to be due the employee by judgment, but accruing after death, when death was from causes unrelated to the compensable injury.

In 1955, the following was added to § 279 (F) of Title 26:

"If a workman who has sustained a permanent disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, his widow and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman."

Without question this amendment of the statute gave to the widow and/or dependent children rights which they had not previously had. Had the injury to the employee in the case of United States Steel Corp. v. Baker, supra, occurred subsequent to the enactment of this amendment the decision therein would have allowed recovery by the widow of unpaid installments after the death of her husband. In that case settlement had been entered and amount of benefits due had been determined. The requirements of amended § 279(F) had been met.

■ In the instant case there had been no agreement nor ascertainment by the court as to the amount of benefits due for the employee's injury prior to his death. There is no right given by the amendment to the widow or dependent children to succeed to the deceased employee's cause of action for determination of benefits. The right given is only to proceed for collection of benefits already determined to be due and payable for the injury suffered but unpaid because of death. The "cause of action" of the employee does not survive, nor for that matter does the employee's "action" survive under the statute, but a separate cause of action is granted the

widow or dependents to recover the fruits of the action of the employee remaining unpaid after his death.

Such a construction of the statute is not contrary to the statements quoted by appellant from Tierney v. Tierney & Co., supra, and from 58 Am.Jur. Workmen's Compensation, § 578, p. 931 which is quoted as follows:

> "Accrued payments or installments— It is generally held that installments of Workmen's Compensation which were due, but unpaid, at the time of the death of the beneficiary constitute assets of his estate, in the absence of any provision to the contrary."

The quotation refers to "accrued payments or installments." We interpret such to mean sums that have been previously determined to be payable, either by settlement or judgment. No payments or installments accrue until a determination of liability has been made.

Other states with statutes substantially the same as § 279(F) have construed their statutes as we are compelled to do here. New Nat. Coal Co. v. Industrial Commission et al., 373 Ill. 468, 26 N.E.2d 510; Moore v. Chrysler Corp., 233 A.2d 53 (Del.).

■ In consideration of the fact that there were no rights of recovery of benefits extended by the Workmen's Compensation Act to estates or dependents of injured workmen who died from unrelated causes prior to the amendment of § 279 (F) in 1955, we are bound, not only by laws of statutory construction, but by logic, to conclude that the legislature plainly expressed its intention by the language used. It granted to widows or dependents of injured workmen, subject to the Workmen's Compensation Act, who subsequently died from unrelated causes, rights not previously held, but chose to limit such rights to those cases where there had, prior to death, been a determination of benefits due for the injury. Whether such restriction is

fair and just to the widows or dependents of workmen who delayed action or had not had an opportunity to secure settlement or court determination of the amount of benefits entitled is not a matter for our resolution. Such is a matter for the legislative conscience.

The judgment of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.