This is a workmen's compensation case.
Appellant, the widow and administratrix of the employee's estate, appeals from an order by the Circuit Court of Lee County which dismissed the employee's pending action for compensation after he died from non-related causes.
The appellant-widow contends, through able counsel who has favored this court with an excellent brief, that a pending action under the Workmen's Compensation Act survives the injured employee's death from unrelated causes; or in the alternative that article I, section 13, of the Alabama Constitution forbids the abatement, upon death of the employee, of a pending action under the Act.
The facts of the case are as follows:
In August of 1981, the employee filed a complaint seeking compensation and benefits under the Workmen's Compensation Act from employer West Point-Pepperell, Inc. In his complaint, he alleged he was an employee of West Point-Pepperell, Inc., for forty-two years; that while an employee he had contracted occupational pneumoconiosis or another occupational disease; that his lung disease arose out of and in the course of his employment, and that he was totally *Page 1269 
and permanently disabled. The employer denied employee's allegations concerning his lung disease.
The employee died on January 6, 1982, apparently of causes unrelated to his alleged lung disease. Prior to his death, considerable discovery had been conducted in his action. The employer filed a suggestion of death on record and motion to dismiss. After reviewing memoranda and authorities submitted by both sides, the trial court dismissed the pending action in May of 1982. From this order, the widow appeals, and we affirm.
The issues before this court on appeal are whether a pending action survives the death of the employee from unrelated causes, and, if not, if such abatement of the action violates article I, section 13, of the Alabama Constitution.
 I
The widow contends that Alabama's Survival Act, Ala. Code §6-5-462 (1975) is controlling, and that therefore the employee's pending action survived. The Survival Act provides that:
 "In all proceedings not of an equitable nature, all claims upon which an action has been filed . . . survive in favor of and against personal representatives; . . ."
However, application of the general survival statute to the instant case appears to be prohibited by the terms of the Workmen's Compensation Act which provides in § 25-5-88 that workmen's compensation actions "shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions, except as otherwise provided in thisarticle . . . [Emphasis added.]." The Workmen's Compensation Act "otherwise provided" in several provisions. In article 4 of the Act which relates to occupational disease, § 25-5-117
states: "In case of death, all claims for compensation shall be forever barred, unless the death results proximately from the occupational disease, . . . [Emphasis added.]." In article 5, which relates to occupational pneumoconiosis, § 25-5-147 states the identical rule for occupational pneumoconiosis.
Furthermore, the exclusive remedy nature of the Act is made abundantly clear by several provisions. Section 25-5-52
provides:
 "No employee of any employer subject to this article, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form or amount of compensation or damages for any injury or death occasioned by any accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment or determination thereof other than as provided in this article."
Section 25-5-53 provides:
 "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death. . . ."
Exclusive remedy provisions are also specifically provided for under article 4, Occupational Diseases, in § 25-5-113 and §25-5-114; and under article 5, Occupational Pneumoconiosis, in § 25-5-143 and § 25-5-144. After a reading of such provisions, it appears that the general Alabama Survival Statute does not apply since the Workmen's Compensation Act provides its own specific provision on the survival or abatement of an action. Plus, the Act states rights and remedies under the Act are exclusive, precluding by logical application the widow's contention that the survival statute applies and grants her a right and remedy not provided for in the Act itself.
At any rate, our decision in Owens v. Ward, 49 Ala. App. 293,271 So.2d 251 (1972), is dispositive of this issue in the instant case. In Owens, we held: "There is no right given by amendment to the widow or dependent children to succeed to the deceased employee's cause of action for determination of benefits. . . . The `cause of *Page 1270 
action' of the employee does not survive, nor for that matter does the employee's `action' survive under the statute. . . ."Owens v. Ward, supra, 49 Ala. App. at 296, 271 So.2d at 254.
The only provision in the Workmen's Compensation Act which provides for any entitlement of benefits to survivors of an injured employee who dies from unrelated causes is found in Alabama Code § 25-5-57 (a)(5) (1975).
 "If a workman who has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee's surviving spouse and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman, . . ."
In the instant case, not only had the amount of disability not been determined, there was dispute over whether any compensable disability existed at all. Hence, § 25-5-57 (a)(5) is clearly not applicable.
As neither the general survival statute nor § 25-5-57 (a)(5) is applicable to this case, and absent any provision providing for the survival of a pending action, we have no choice but to hold the employee's pending action died with him. While this court is aware of the fundamental beneficient purpose of the Workmen's Compensation Act, we must give effect to the plain language of the statute as enacted by the legislature. This is so regardless of our view as to the wisdom or the fairness of the statute. Cunningham v. Milstead Pulpwood Co., Inc.,366 So.2d 737 (Ala.Civ.App. 1979).
 II
The widow next contends that article I, section 13, of the Alabama Constitution forbids the abatement, upon the death of the injured employee, of a pending action under the Workmen's Compensation Act.
Section 13 provides: "That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."
The widow contends that § 13 forbids the legislature from depriving her and other survivors of their right to sue at common law for injuries suffered during her husband's life unless a meaningful alternative is provided instead. If, as we have held above, the Workmen's Compensation Act bars recovery under the facts of the instant case, then the widow contends the legislature had deprived her of a common law right without a meaningful remedy.
A very similar argument was raised in Slagle v. ReynoldsMetals Co., 344 So.2d 1216 (Ala. 1977), in which the appellant contended he was left with no remedy for the wrongful death of his minor son. The issue on appeal in Slagle was whether the Workmen's Compensation Act provided the exclusive remedy against the employer for the death of a minor employee when the fatal injury arose out of and in the course of his employment and when the minor died with no dependents. In holding the Act provided the exclusive remedy, the Alabama Supreme Court held:
 "As stated previously, the terms of the Alabama Workmen's Compensation Act are a legislative matter. An employee forfeits all other rights against his employer, whether common law or statutory, for the rights granted under the Act. . . . In response to appellant's argument that the Act is unconstitutional, we find that the Legislature's purposes are met by the terms of the Act and the legislative grant of immunity is neither violative of Art. 1, § 13 of the Alabama Constitution or of the 14th Amendment to the Constitution of the United States."
Slagle v. Reynolds Metals Co., supra, at 1218.
In discussing the relationship between § 13 and the Workmen's Compensation Act in Grantham v. Denke, 359 So.2d 785, 787 (Ala. 1978), our supreme court wrote: *Page 1271 
 "The Act, adopted in 1919, is a voluntary substitute for the common law, Alabama Employer's Liability Act, and other statutory rights of action for personal injuries against the employer applicable to those who elect to come within its provisions. . . . It is this elective option between employer and employee, the parties being free to accept or reject to operate under and abide with the Act, that reconciles the Act with § 13 of the Constitution. . . . The election is made upon the basis of a quid pro quo between employer and employee. Each voluntarily gives up rights guaranteed by § 13 in exchange for benefits or protection under the Workmen's Compensation Act.
 ". . . An election by the employee to be bound by the provisions of the Act was an election to `surrender * * * rights to any other method, forms, or amount of compensation or damages' from the employer. Act No. 245, Reg.Sess., § 10, p. 208, Acts of Alabama, 1919."
Therefore, to this court in this instance, § 13 does not forbid the abatement of the injured employee's action upon his death from unrelated causes.
Furthermore, the widow contends in brief that the right she was deprived of was a common law right to sue the employer for the loss of consortium of her injured husband. Whether § 13 forbids the abatement of a widow's suit for loss of consortium is not an issue on appeal. The widow sought recovery as the administratrix of the employee's estate for compensation benefits which might have been due the employee.
Since the court must give effect to the plain meaning of the Act as enacted by the legislature, regardless of our view of the wisdom, fairness or equity of such, we have no alternative but to affirm the trial court's dismissal of the employee's action. Cunningham v. Milstead Pulpwood Co., Inc., supra.
Nonetheless, we do not wish to be read as in any manner sanctioning a legislative enactment which, contrary to the stated beneficent purpose of the Act, deprives dependents of benefits due an injured worker who dies from unrelated causes prior to reaching agreement or settlement.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.