WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
On July 31, 1979, Charles Cox, an employee of Republic Steel, was injured in an accident arising out of and in the course of his employment. He received total disability workmen’s compensation benefits until March 29, 1980. He returned to work and entered into discussion concerning an award for permanent partial disability. On August 11, 1980, Cox died of cause not related to his job injury.
On July 29, 1981, suit was filed by the widow Cox, claiming, as pertinent to this appeal, benefits due her and Cox’s dependents under the Workmen’s Compensation Act in the sum of $12,234.26.
The basis of the action is found in § 25-5-57, Code of Alabama 1975 and is stated therein as follows:
“If a workman, who has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee’s surviving spouse and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman,
In support of the suit, evidence was presented that in a meeting in mid-July 1980 with employer’s representative, there was agreement reached that employee had suffered a fifteen percent permanent par *887 tial disability to the body as a whole for which there would be paid as lump sum compensation the sum of $12,234.26. The proper instruments of settlement for the approval of the court were to be prepared by the employer and presented to the court.
In response, employer presented evidence that an offer of lump sum settlement had been made to Cox but had not been accepted. Employer presented a letter written by it, mailed to Cox and shown to have been received by him on or about August 1, 1980. The letter tends to negate an agreement upon the offer of settlement. It withdraws the offer and instructs Cox to contact the company physician for further examination. There was evidence that Cox received and discussed the letter with his union advisor, who instructed him to follow its instructions. Cox died within ten days thereafter, on August 11, 1980.
This case was obviously brought and tried upon the theory that there was an agreement between the employee and employer to settle the employee’s claim for a lump sum; that it was represented to employee that the employer would prepare the necessary documents for submission of the agreement for approval of the court; the employer failed to follow through; the employee died; the widow was entitled to recover the benefits of the agreement.
In response, employer denied an agreement and said, in any event, suit was not brought within one year from the date of the injury or last payment of compensation and was thus barred.
Without challenging the application of the statute of limitation, plaintiff claimed avoidance of the statute by estoppel because the misleading conduct of the employer caused the employee to defer bringing suit within one year. Thus, the theory of the trial was established. In response to that theory, the court found the evidence to support the contention that there was an agreement, there was reliance thereon by the employee which caused him to forego suit prior to his death; however, such grounds of estoppel did not toll the bar of the statute of limitation.
The, plaintiff widow appeals, presenting as the only issue: whether estoppel principles are applicable to workmen’s compensation claims so as to toll the statute of limitations asserted by an employer whose conduct in leading the employee to believe liability is admitted has caused delay in filing suit.
That misleading acts or conduct of an employer reasonably relied upon by the injured employee and which causes him to delay or fail to bring suit under the Act may toll the running of the appropriate statute of limitation has been established by the case law of this state. Ex parte Youngblood, 413 So.2d 1146 (Ala.1981); Dorsey v. United States Pipe & Foundry Co., 353 So.2d 800 (Ala.1977); Mayes v. Dake, 434 So.2d 271 (Ala.Civ.App.1983).
Let us now examine whether such rule applies in this case. First: Assuming the correctness of the finding of the trial court that there was an agreement of settlement between the employee and employer on or about the middle of July 1980, it must be noted that there was undisputed notice to employee by letter of July 29, 1980, that the agreement was no longer effective. The effect of that letter was discussed with employee’s union advisor as soon as received. The employee was advised by the union advisor to proceed as directed in the letter. Therefore, employee was no longer misled that there was agreement.
At the time of receipt of the letter, there had expired time of only approximately four months from the date of the receipt of last compensation payment, leaving remaining of a one-year statute of limitation for bringing suit, some eight months. This was, of course, more than enough time for the bringing of suit. Employee died from causes not related to his injury on August 11, 1980. His death was unfortunate, but it undeniably was the cause for his failure to pursue his claim, not any misrepresentation by the employer. Had he lived he had ample time under the statute for filing. It must be evident that any misrepresentation lasted only for some ten to fifteen days. Such misrepresentation did not cause a fail *888 ure to file before the time for filing expired.
Second: The misrepresentation, if any, was made to the employee and the estop-pel, if any, was effective as to his cause of action. We have said in the case of Owens v. Ward, 49 Ala.App. 293, 271 So.2d 251 (1972), that the cause of action of the employee given by the Workmen’s Compensation Act does not survive his death. It dies with him. A separate cause of action is granted the widow or dependents merely to proceed to recover benefits already determined by agreement or as ascertained by the court. It may not be said that the widow was misled and thereby delayed suit.
Third: The judgment entered in this case sounds in all respects as if it were determining an original action between employee and employer. It includes all necessary findings of fact and conclusions of law required by the statute for such an action, even to finding of injury, average weekly earnings and percentage of disability. It concludes with an approval of the alleged amount of the lump sum settlement. All of these findings relate to the statutory action of the employee. This action was that of the widow, dependent solely on the existence of an amount due and payable to the employee at the time of his death. Owens v. Ward, supra.
Was there an amount due and payable at his death? We must find there not to have been; not because there was no agreement as to the degree of his disability at the time of his death as found by the trial court, but because such alleged agreement was for a lump sum payment which in order to be effective must have been approved by the court. § 25-5-83, Code 1975; Jamestown Corp. v. Ward, 373 So.2d 1136 (Ala.Civ. App.), cert. denied, 373 So.2d 1142 (Ala.1979).
In summary, recognizing that we have made some observations perhaps not necessary to the decision of the issue presented, we affirm the judgment of the trial court in its conclusion that principles of estoppel do not apply under the facts of this case. Therefore, plaintiff was not entitled to recover. We iterate that we have reviewed only upon the theory of the trial and issues presented thereunder.
AFFIRMED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result only.