This is a workmen's compensation case.
The learned trial judge in the instant case entered a decree that this court finds correctly states the facts, applies the applicable law, and reaches the correct conclusion. We adopt the trial court's decree and affirm the case.
The trial court's decree in pertinent part is as follows:
 "ORDER
"1. STATEMENT OF THE CASE
"This is a claim for workmen's compensation benefits which came before this Court for hearing on June 30, 1986, at 1:30 p.m. Terry Wayne Brock initiated this case by filing on August 11, 1983, a Complaint for workmen's compensation benefits against his employer, defendant Kimerling Truck and Parts Company. Mr. Brock's claim for workmen's compensation benefits arose out of an injury he received to his right eye on or about August 12, 1982, arising out of and in the course of his employment. Almost two years after bringing this lawsuit, Terry Wayne Brock died on July 13, 1985, from other causes unrelated to his on-the-job injury.
"On or about February 5, 1986, Martha Harris, sister of Terry Wayne Brock and Administratrix of the Estate of Terry Wayne Brock, substituted herself in this *Page 305 
lawsuit as the party plaintiff for the purpose of seeking the workmen's compensation benefits. All other claims of Terry Wayne Brock contained in his original Complaint were voluntarily dismissed by the plaintiff prior to this hearing, leaving only the claim for workmen's compensation benefits. On June 30, 1986, the parties were further amended to add Frances Brock, mother of Terry Wayne Brock, as an additional plaintiff seeking the workmen's compensation benefits.
"Plaintiffs were represented by their attorney, James C. King. The defendant, Kimerling Truck and Parts Company, was represented by its attorney, Bruce F. Rogers.
"2. FINDINGS OF FACT
"The case was submitted upon the pleadings, upon the stipulation of facts entered into by the parties in open court, upon the oral testimony of the plaintiffs, Martha Harris and Frances Brock, upon the exhibits, and upon the deposition testimony of Peter Drulman.
"It is undisputed and stipulated in open court by the parties, and the court finds as fact the following:
"(1) Terry Wayne Brock was injured in his right eye on or about August 12, 1982, and this injury arose out of and in the course of his employment at Kimerling Truck and Parts Company.
"(2) At the time of his injury Mr. Brock's average weekly wage was $200.00 per week. The employer, Kimerling Truck and Parts Company, was called upon and did pay pursuant to the Workmen's Compensation Act the amount of $2,457.28 to Mr. Brock in temporary total disability benefits. The employer was called upon and did pay pursuant to the Workmen's Compensation Act the amount of $15,639.14 to or on behalf of Mr. Brock for medical, surgical, and rehabilitation expenses associated with this injury.
"(3) Mr. Brock and Kimerling Truck and Parts Company, by and through their respective attorneys and representatives, entered into negotiations for a lump-sum payment for the workmen's compensation benefits.
"(4) In June 1985, more than 124 weeks after Mr. Brock had been injured and shortly before his death, it was agreed that Mr. Brock would be paid under the Workmen's Compensation Act for a 100% permanent disability to the right eye, to be paid in one lump-sum payment of $16,534.16 in full and final settlement of Mr. Brock's claims for workmen's compensation benefits.
"(5) Mr. Brock and Kimerling Truck and Parts Company, by and through their respective attorneys, then scheduled the lump-sum settlement for hearing before the court. Several days before the lump-sum settlement was approved by the court, Mr. Brock died as a result of a vehicular accident. Mr. Brock died from causes unrelated to his on-the-job injury.
"(6) Mr. Brock was never married and died without a wife and without any children.
"The oral testimony of the plaintiffs was offered to show that Terry Wayne Brock's mother, Frances Brock, was a dependent of Mr. Brock at the time of his death. Although such a finding is not necessary in deciding this case, the Court does find from the evidence that Mr. Brock's mother was a dependent. The Court also finds based on the deposition testimony of Peter Drulman that the agreed upon lump-sum settlement was entered into between Mr. Brock and his employer pursuant to the provisions of the Workmen's Compensation Act solely as payment of scheduled workmen's compensation benefits and was not entered into by the attorneys for the respective parties for any other purpose.
"3. CONCLUSIONS OF LAW
"After hearing all the evidence, observing the witnesses, reading the exhibits and deposition of Mr. Drulman, and considering the arguments of counsel, the Court finds that the claim of plaintiffs to Mr. Brock's workmen's compensation benefits is purely statutory and governed exclusively by the Alabama Workmen's Compensation Act. *Page 306 
"The problem presented in this case is one of statutory construction and effect. The provision of the Alabama Workmen's Compensation Act applicable in this case provides as follows:
 " 'DEATH FOLLOWING DISABILITY. . . . If a workman who has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the Court, and death results not proximately therefrom, the employee's surviving spouse and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse and/or dependent children if death had resulted proximately from the injury. Except as provided in this subdivision, no benefits shall be payable on account of death resulting, proximately or not proximately, from an injury on account of which compensation is being paid to an employee.' (Emphasis supplied by trial court.)
"ALA. CODE Sec. 25-5-57(a)(5) (1975). In this case, it is undisputed that the parties had agreed that Mr. Brock sustained a 100% permanent disability to his right eye. Under the Workmen's Compensation Act Section 25-5-57(a)(3)a. 17, this injury converts to 124 weeks at 66 2/3% of the average weekly earnings, for a total of $16,534.14, and Mr. Brock's employer agreed to pay this to Mr. Brock in a lump sum in full settlement of the compensation claims. Following this determination of disability and the amount arising under the Act, and before it was paid, Mr. Brock died from other causes unrelated to his injury. Section 25-5-57(a)(5) of the Act provides that Mr. Brock's benefits should he die from other causes shall be paid to his surviving spouse or dependent children. The statute then expressly states that no benefits shall be payable otherwise.
"The right to Mr. Brock's benefits having been expressly limited by the Alabama Workmen's Compensation Act to a spouse or dependent children, there are no rights of recovery vested in Mr. Brock's sister as Administratrix, or Mr. Brock's mother for the benefits determined to be due under the Act. No provision is made for anyone to receive these benefits except a spouse or dependent children.
"The Alabama Court of Civil Appeals discussed this provision of the Alabama Workmen's Compensation Act in Owens v. Ward,49 Ala. App. 293, 271 So.2d 251 ([Ala. Civ. App.] 1972). In Owensv. Ward, the employee's administratrix, who was also the employee's surviving spouse, brought suit to recover her deceased husband's workmen's compensation benefits. The employee was injured on his job on September 3, 1969. He was paid compensation benefits through March 11, 1970. He died on August 6, 1970, from causes unrelated to his injury. The trial court in Owens v. Ward dismissed the claims of the wife, and the Court of Civil Appeals affirmed, holding that prior to the employee's death, no agreement had been reached between the parties, there had been no judicial ascertainment, and in fact a dispute existed at the time of the employee's death as to the employee's right to any further compensation benefits. Section25-5-57(a)(5) provides for payment to a spouse or dependent children only in the event the degree of disability has been agreed upon or judicially ascertained. (Emphasis supplied by trial court.)
"The Court of Civil Appeals in Owens v. Ward set forth the guidelines for resolving disputes of this nature:
 " 'There is no question but that the Workmen's Compensation Act of Alabama is contractual. . . . Any cause of action, right or remedy at common law or by statute of the employee, his personal representative or dependents on account of an injury, is excluded by the contract and only those rights or remedies provided by the Workmen's Compensation Act are available. . . . .
 " '. . . By accepting the provisions of the Workmen's Compensation Act, it becomes the contract between employer *Page 307 
and employee insofar as rights or remedies for injury in employment are concerned, and all others, whether common law or statutory, are waived.'
"Owens v. Ward, 49 Ala. App. 293, 295-296 [271 So.2d 251, 253] (citations omitted).
"The Court in Owens v. Ward noted that the Legislature has plainly expressed its intention by the language used in this particular section, and the Legislature chose to limit rights to the benefits after the employee's death:
 " 'Whether such restriction is fair and just to the widows or dependents of workmen who delayed action or who had not had an opportunity to secure settlement or court determination of the amount of benefits entitled is not a matter for our resolution. Such is a matter for the legislative conscience.'
"Owens v. Ward, 49 Ala. App. at 297 [271 So.2d at 254].
"Therefore, this Court is compelled to hold that the Legislature in this case has expressly limited the right to recover Mr. Brock's workmen's compensation benefits after his death to his widow and/or dependent children, and no right of recovery is given to any other heir.
"It is true in this case that the sums claimed by Mr. Brock's sister and mother were determined to be payable before Mr. Brock's death. It is also true that at the time the settlement was reached, the maximum number of weeks for an injury to the eye had expired. It has been held that compensation benefits due and accrued, but unpaid at the time of the employee's death, constitute assets of the employee's estate, in the absence of any provision to the contrary. This Court concludes that Section 25-5-57(a)(5) of the Alabama Workmen's Compensation Act gives Mr. Brock's benefits only to a spouse or dependent children, which precludes an award of the lump-sum benefits to any person other than a spouse or dependent children. The benefits in this case do not constitute assets of the estate because this would be a direct conflict with the terms and provisions of this statute.
"In Slagle v. Reynolds Metals Company, 344 So.2d 1216 (Ala. 1977), the Supreme Court of Alabama addressed the exclusivity of the terms of the Workmen's Compensation Act. The issue on appeal in Slagle v. Reynolds Metals Company was whether the Alabama Workmen's Compensation Act provided the exclusive remedy against the employer for the death of a minor employee, when the fatal injury arose out of and in the course of the minor's employment and when the minor died leaving no dependents. Relying on Section 25-5-53 of the Act, the Court reaffirmed the rule in Alabama that the rights and remedies for work-related injuries expressed within the Workmen's Compensation Act for the employee, for the employee's personal representative, parent, dependents, or next of kin, against the employer, are exclusive. An employee, his personal representative, parent, dependents, or next of kin forfeit all other rights against the employer, whether common law or statutory, except those expressly provided by the Legislature in the Workmen's Compensation Act.
"In this case, when an employee is injured and then subsequently dies from unrelated causes, not being survived by a spouse or by dependent children, the Legislature does not require the employer to pay the compensation benefits to other heirs. The right to that employee's benefits is not determined by dependency alone. The employer is not obligated to pay the benefits to just any relative; it must be the employee's surviving spouse or dependent children. The Act is clear in this regard. The employee's sister as Administratrix of his Estate and the employee's dependent mother are not given the right to Mr. Brock's workmen's compensation benefits following his death, and therefore their claims to the benefits must be denied. As stated in Owens v. Ward, '[b]enefits are in lieu of wages intended for the personal benefit of the employee, and the right thereto is not transferable to others. Certain rights of dependents being specified by the statute, they possess only those so specified.' Owens v. Ward, 49 Ala. App. at 296
[271 So.2d at 253]."
This court notes that able counsel for the appellant contends that the "settlement" *Page 308 
should be upheld on contractual principles. As seen from above, we do not agree. Put another way, this is a workmen's compensation case and requires disposition pursuant to the applicable workmen's compensation statute.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.