ADAMS, Justice.
Jimmy S. Cummings, administrator of the estate of his late wife, Freda Whatley Cummings, appeals to this Court to reverse a summary judgment in favor of the appel-lee, Food World, Brunos, Inc. (hereinafter “Food World”).[1]
Freda Cummings was allegedly injured in a fall at her place of employment, a Food World supermarket, on October 17, 1977. Eighteen months later, after the statute of limitations had run, Mrs. Cummings filed this suit claiming workmen’s compensation benefits. The court treated Food World’s motion to dismiss as a motion for a more definite statement and gave Cummings 60 days to respond. Food World’s motion to dismiss Cummings’s revised statement was granted and the court gave her 20 days to amend her complaint. When Cummings sought to amend her complaint by filing answers to interrogatories, the court granted Food World’s motion to strike and gave her 30 days to amend.
In her amended complaint, Cummings alleged fraud, sought a jury trial, and asked for punitive damages. Food World’s motion to dismiss was granted on the grounds that Cummings’s exclusive remedy was workmen's compensation benefits.
After the court granted her motion to amend her complaint a third time, Mrs. Cummings alleged that Food World had forged her signature to the workmen’s compensation “first suit report” (accident report). Food World’s attempts to have the forgery complaint dismissed were unsuccessful. On November 3, 1981, Food World filed a motion for summary judgment, which was not denied until March IS, 1984. Mrs. Cummings died of lung cancer July 23, 1985.
On January 10, 1986, Food World again moved for summary judgment on Cummings’s workmen’s compensation claim and on her third count, the allegation of forgery. The motion was granted and Mr. Cummings, as administrator, filed this ap *161 peal, based solely on the forgery claim. In essence, Mr. Cummings contends that Food World’s forgery of his wife’s signature to the accident report prevented her from obtaining workmen’s compensation benefits.
The question presented for our consideration is whether the circuit court erred in granting summary judgment in favor of Food World on Cummings’s claim that her signature was forged on the workmen’s compensation first suit report. We affirm.
We have held that
the purpose of the motion for summary judgment is to test the sufficiency of the evidence to determine if any real issue exists, and the court has no alternative but to consider the evidence uncontro-verted where, as here, the opponent fails to contradict the evidence presented by the moving party.
Garrigan v. Hinton Beef & Provision Co., 425 So.2d 1091 (Ala.1983), Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala.1980), Mims v. Louisville Title Ins. Co., 358 So.2d 1028 (Ala.1978).
In its summary judgment order, the court said “It is apparent that her [Cummings’s] death was not occasioned by the accident in question.” The court concluded, therefore, that Mrs. Cummings’s claim for workmen’s compensation benefits did not survive her death. Smith v. West Point-Pepperell, Inc., 431 So.2d 1268 (Ala.Civ.App.1983). We are of the opinion that the court could infer that Mrs. Cummings’s death from lung cancer, in July 1985, was not caused by her fall in 1977, more than seven and one-half years earlier because the court could have found that the inference would have been unsupported by credible evidence.
The circuit court also found as follows:
“[the] fraud claims [the fraud claim dismissed in 1980 and the present forgery allegation] arise out of and concern Defendant’s conduct relative to Plaintiff’s claim for the allegedly compensable injury, and are barred by the exclusivity provisions of the Workmen’s Compensation Act. See Waldon v. Hartford Insurance Group, 435 So.2d 1271 (Ala.1983). In any event, the compensation claim died with Plaintiff and any fraud of Defendant in connection with that claim could not damage her.”
We agree with the circuit court’s analysis.
Mrs. Cummings testified at her deposition that she was present when the acci? dent report was prepared, that she read the report and that she signed it before going home on the day of her fall. Her belated allegation of forgery apparently arose from her belief that some minor details in the report, as presented to her at her deposition, were not in the report completed on the day of the accident. Nevertheless, Mrs. Cummings did not dispute the accuracy of the report as to any material facts and testified that she had difficulty remembering clearly the circumstances surrounding the completion of the first suit report the day of her fall. No evidence was presented that more than one report was ever prepared or that Food World interfered in any way with Mrs. Cummings’s attempt to recover workmen’s compensation benefits. Food World argues that even if Mrs. Cummings’s signature had been forged, an allegation it denies, she would only have benefited from the preservation of the report of her accident. The appellant admits that no evidence exists that Food World used the accident report to thwart Mrs. Cummings’s belated claim for workmen’s compensation benefits, but presumes, nevertheless, that such use was made of the report. There is no evidence to support such a presumption or to support the appellant’s forgery claim.
The Circuit Court of Mobile County was correct in finding that Mrs. Cummings’s claim for workmen’s compensation benefits did not survive her death. See Smith, supra. It was also correct in finding that the. exclusivity provision of the Workmen’s Compensation Act barred the forgery claim, since that claim arose from Food World’s alleged mishandling of the workmen’s compensation first suit report. See Waldon, supra. When there is no evidence to show that a genuine issue of material fact exists, a court does not err in granting summary judgment. Rule 56(c), Ala.R.Civ.P.
*162 The summary judgment in favor of the defendant, Food World is, therefore, affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and STEAGALL, JJ., concur.
TORBERT, C.J., recused.

. It is difficult to ascertain from the record the name of the defendant, or, indeed, whether there are two defendants. Various documents in the record name "Food World, Bruno’s, Inc.”; "Food World and Bruno's, Inc.”; "Food World, et al.” We have concluded that this case involves one defendant and have elected to call that defendant "Food World, Bruno’s, Inc.”