ROBERTSON, Judge.
This is an appeal from a trial court judgment denying workmen’s compensation benefits.
Employee, William Hardin, was injured on the job on March 12, 1986. At the time of his injury, his employer was Palmer Truss Company. Employee was paid for nine weeks of temporary total benefits lasting until July 24, 1986. After that date, the employee’s temporary total benefits were terminated.
However, employee still did not work from July 24, 1986, to June 22, 1987, on which date the employee’s doctor found employee had reached maximum medical improvement.
Employee then filed a complaint against employer on November 25, 1987, in which he acknowledged the receipt of some temporary total benefits but requested all those benefits to which he was entitled.
Employee then died on September 11, 1988, from causes unrelated to his on-the-job injury. Following his death, employee’s widow and dependent children (“survivors”) requested a hearing for the purpose of determining temporary total benefits due to the employee at the time of his death. Specifically, the survivors maintained that they were entitled to accrued *964 and past due temporary total benefits for the period from July 24, 1986, until June 22, 1987, the date of maximum medical improvement.
The trial court, however, denied the survivors’ claim and granted employer’s motion to dismiss. Specifically, the court found:
“No right is granted under the Workmen’s Compensation Act to widows or dependents of injured workers who subsequently die from unrelated causes except in those instances where, prior to death, there had been a determination of benefits due for the injury. Owens v. Ward, 49 Ala.App. 293, [271 So.2d 251] 1972.”
This court has previously held that pursuant to § 25-5-57(a)(5), a surviving spouse and dependent children are entitled to benefits when the employee’s death follows disability, only if the degree of disability has previously been agreed upon or judicially ascertained. Harris v. Kimerling Truck & Parts Co., 504 So.2d 304 (Ala.Civ.App.1986). However, the difference between this case and this court’s previous decisions is that the alleged past due benefits here are temporary total disability benefits rather than permanent partial or permanent total benefits.
Appellant maintains that § 25-5-57(a)(5) and our previous decisions are not applicable to the case at bar because temporary total benefits do not require calculation in the same manner as permanent partial or permanent total benefits. Appellant contends that temporary total benefits are simply 66⅜ of employee’s average weekly wage, subject to both a maximum and a minimum, and are then payable during the period of temporary total disability at the same intervals at which the employee was normally paid. § 25-5-57(a)(1), Code 1975.
Although temporary total benefits are calculated by applying the basic formula set forth above, this court notes:
“[Temporary total disability may occur at different times during the recuperative period of healing until maximum medical improvement is reached or can be ascertained depending upon the circumstances of each case. However, we particularly note that the fact a person is unemployed does not necessarily in and of itself mean he is temporarily totally disabled."
Defense Ordinance Corp. v. England, 52 Ala.App. 565, 295 So.2d 419, 424 (1974). (Emphasis added).
In short, the fact that the employee was injured on a certain date and did not work until another certain date does not conclusively establish that said employee was totally disabled for that entire period of time. Instead, temporary total benefits due an employee must also be ascertained “depending upon the circumstances” of the case. Owens. Here, no such ascertainment had been made and benefits were properly denied.
The workmen’s compensation statutes do not extend to widows and dependent children a right “to succeed to the deceased employee’s cause of action for determination of benefits.” Owens, 271 So.2d at 254.
Survivors have only been afforded a right “to proceed for collection of benefits already determined to be due and payable for the injury suffered but unpaid because of death.” Owens.
This court acknowledges that this statute limits the recovery of widows and dependent children to those situations where an ascertainment of benefits due has been made prior to death.
“Whether such restriction is fair and just to the widows of dependents of workmen who delayed action or had not had an opportunity to secure settlement or court determination of the amount of benefits entitled is not a matter for our resolution. Such is a matter for the legislative conscience.”
Owens. (Emphasis added).
The trial court’s judgment is affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.