CRAWLEY, Judge.
This is an appeal from the denial of workmen’s compensation benefits.
Verbon Bryant (the “worker”) filed a complaint for workmen’s compensation benefits on August 7, 1992, as a result of an injury that occurred on December 26, 1991.[1] He alleged that he “was totally disabled for a long period of time and continues to be totally disabled and will be permanently disabled to some extent.”
The appellee, Arbor Acres Farm, Inc. (the “company”), filed an answer admitting the existence of the employer/employee relation on the day of the accident, but denied the worker suffered an injury from an accident that arose out of and in the course of his employment. Later, the company filed a motion for summary judgment on the grounds (1) that the worker had died on April 15,1994, from a cause not related to his employment; (2) that there was a dispute as to whether any compensable disability existed at all; (3) that no settlement was reached between the worker and the company as to any degree of disability; (4) that there had been no judgment by the court setting any degree of disability; and therefore § 25-5-57(a)(5), Ala.Code 1975, bars recovery for benefits. The death certificate attached to the company’s motion for summary judgment states that the worker died from lung cancer, was divorced, and was 62 years old. The worker’s answer to interrogatories states that he injured his back on the job, and it made no reference to any occupational disease.
The worker’s son, Jerome Bryant, moved to be substituted as plaintiff, because he had been appointed administrator of the worker’s estate. The company filed an objection to the motion to substitute, alleging that an estate is not a proper party plaintiff to an action for workmen’s compensation benefits; that there is no provision for payment of any benefits to an estate; and that the court had not ascertained the degree of disability. The administrator’s motion for substitution of parties was granted. The administrator’s response to the company’s motion for summary judgment, in part, states:
“4. Plaintiff does not claim that the estate of Verbon Bryant is entitled to any compensation benefits as a result of the death of Verbon Bryant. Plaintiff contends that following the compensable injury of Verbon Bryant he was entitled to Workmen’s Compensation each week of his disability and as each week of disability passed that became a debt owed by the Defendant to Verbon Bryant and was owed to him for each week that he was disabled until his death. The right to receive compensation for these benefits was vested in Verbon Bryant at the time of his death and his estate is entitled to recover the same.
“5. The Defendant contends that Section 25-5-57(5) of the Code of Alabama dissolves, releases, abrogates or otherwise does away with this indebtness (sic) which the Defendant owed to Verbon Bryant at the time of his death. Plaintiff contends that said code section does not so provide but asserts that if it does so provide it is a violation of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and Sections 6 and 13 of the Constitution of the State of Alabama of 1901.”
The administrator amended his complaint to add as a party to the action, the attorney *541 general of the state of Alabama. The attorney general filed a motion to dismiss, on the grounds that he was not a proper party and was required only to be notified, not made a party, to a civil action that challenged the constitutionality of a statute; Ala.Code 1975, § 6-6-227. On these grounds, the motion to dismiss was due to be granted.
Although the record does not contain a motion to dismiss by the company, the trial court entered the following order: “Upon consideration of the defendant’s motion to dismiss, the court finds that the motion is well-taken and should be and is hereby granted; action dismissed, plaintiff taxed with costs. Hardin v. Palmer Truss Co., 558 So.2d 963 [ (Ala.Civ.App.1990) ].” Because the trial court considered matters outside the pleadings, we will treat the judgment of the trial court as granting the company’s motion for a summary judgment and as granting the attorney general’s motion to dismiss. A.R.Civ.P. 12(c); Boles v. Blackstock, 484 So.2d 1077 (Ala.1986).
No presumption of correctness attaches to a trial court’s ruling on a summary judgment motion, and the appellate court reviews the trial court’s ruling de novo. Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992).
“Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmov-ant.”
Humana Medical Corp. v. Bagby Elevator Co., 653 So.2d 972 (Ala.1995). As in this case, the only question before the court in Humana was a question of law.
The dispositive issue is -whether Ala.Code 1975, § 25-5-57(a)(5), (the “death following disability clause”), bars recovery for workmen’s compensation benefits if, after the injury and before the degree of disability has been agreed upon by the parties or has been ascertained by the court, death results “not proximately therefrom.”
The first sentence of the “death following disability clause” states:
“In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death.”
The first sentence applies only where the worker’s “death results proximately” from the work-related injury.
The “death following disability clause” continues to state:
“If a workman who has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee’s surviving spouse and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse and/or dependent children if death had resulted proximately from the injury. Except as provided in this subdivision, no benefits shall be payable on account of death resulting, proximately or not proximately, from an injury on account of which compensation is being paid to an employee.”
These sentences apply where the worker’s “death results not proximately” from the work-related injury. In the instant ease, the worker’s death did not result proximately from his work-related injury. Unlike the first sentence, the subsequent sentences limit recovery to where “the degree of [the disability] has been agreed upon by the parties or has been ascertained by the court.”
In the instant case, no compensation benefits had been paid to the worker, the degree *542 of disability had not been agreed upon by the worker and the company, and the degree of disability had not been ascertained by the court. The company denied in its answer that the worker had suffered an injury from an accident that arose out of and in the course of his employment. However, neither the “death following disability clause” nor any other provision of the Workmen’s Compensation Act allows for payment of benefits to anyone where the degree of disability has not been agreed upon by parties or has not been ascertained by the court, if death does not proximately result from the work-related injury.
On appeal, the worker’s estate contends that, after the injury and until his death, workmen’s compensation was payable in weekly installments, which then accrued and were therefore enforceable by the estate, without a determination that the worker was entitled to benefits and without a determination as to the amount of benefits.
Under the facts stated above and the applicable law stated hereinafter, we affirm the judgment of the trial court denying benefits.
First, the issue presented by this case was decided by this court in Owens v. Ward, 49 Ala.App. 293, 271 So.2d 261 (Ala.Civ.App.1973), wherein this court denied a claim by the worker’s estate and stated:
“In consideration of the fact that there were no rights of recovery of benefits extended by the Workmen’s Compensation Act to estates or dependents of injured workmen who died from unrelated causes prior to the amendment of § 279(F) in 1955, we are bound, not only by laws of statutory construction, but by logic, to conclude that the legislature plainly expressed its intention by the language used. It granted to widows or dependents of injured workmen, subject to the Workmen’s Compensation Act, who subsequently died from unrelated causes, rights not previously held, but chose to limit such rights to those cases where there had, prior to death, been a determination of benefits due for the injury. Whether such restriction is fair and just to the widows or dependents of workmen who delayed action or had not had an opportunity to secure settlement or court determination of the amount of benefits entitled is not a matter for our resolution. Such is a matter for the legislative conscience.”
Id., 49 Ala.App. at 297, 271 So.2d at 254 (emphasis added).
This court has consistently followed its decision in Owens. Hardin v. Palmer Truss Co., 558 So.2d 963 (Ala.Civ.App.1990) (claim denied to worker’s surviving spouse and dependent children); Harris v. Kimerling Truck & Parts Co., 504 So.2d 304 (Ala.Civ.App.1986) (claim denied to worker’s estate and dependent mother); and Smith v. West Pt. Pepperell, 431 So.2d 1268 (Ala.Civ.App.1983) (claim denied to worker’s estate and surviving spouse).
The administrator urges this court to overrule our holding in Owens, because, he claims, that holding was never intended to be the law by the Alabama legislature and because that holding violates the estate’s constitutional rights to equal protection and due process of law.
This court’s decision in Owens does reflect the intent of the Alabama legislature. Since the Owens decision in 1972, the Alabama legislature has reenacted § 25-5-57(a)(5) in 1973, 1975, 1984, and 1992, without amendment. Where a statute has been repeatedly reenacted without change since its construction, the construction must be regarded as settled law. Hamm v. Harrigan, 278 Ala. 372, 178 So.2d 529, opinion supplemented, 278 Ala. 521, 179 So.2d 154 (1965), cert. denied, 382 U.S. 981, 86 S.Ct. 555, 15 L.Ed.2d 471 (1966); Lindsey Lumber & Export Co. v. Deas, 230 Ala. 447, 161 So. 473 (1935); and Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42 (1929).
The estate’s constitutional arguments also fail. In Slagle v. Reynolds Metals Co., 344 So.2d 1216 (Ala.1977), the Supreme Court held that the workmen’s compensation act’s grant of an exclusive remedy against the company did not deny due process or equal protection as guaranteed by the state and federal constitutions. See West Pt. Pepperell, supra.
Further, even if the statute were ruled unconstitutional, the estate still would have no remedy:
*543 “So it is therefore clear that prior to amendment of § 279(F) in 1955, there was no right of recovery in the personal representative or dependents for benefits determined to be due the employee by judgment, but accruing after death, when death was from cause unrelated to the compensa-ble injury.”
Owens v. Ward, 49 Ala.App. 293, 296, 271 So.2d 251 (Ala.Civ.App.1978). Because the worker’s estate would not be entitled to recover workmen’s compensation benefits if the statute were held to be unconstitutional, the worker’s estate has no standing to assert this challenge:
“This court holds that these plaintiffs, who have shown no injury through enforcement of Acts No. 863, No. 1053, and No. 1054, and who have shown no expectation of benefit should the Acts be voided, do not have standing to present the question of constitutionality.”
Smith v. Potts, 293 Ala. 419, 424, 304 So.2d 578 (1974). See Fletcher v. Tuscaloosa Federal Savings & Loan Ass’n, 294 Ala. 173, 314 So.2d 51 (1975),
The judgment of the circuit court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et seq., the Workmen’s Compensation Act, which was in effect before the amendments of May 19, 1992.