WRIGHT, Retired Appellate Judge.
On April 14, 1993, Sarah Hicks sued Gregerson’s Foods, Inc., seeking workmen’s compensation benefits for injuries that she received on October 29, 1990, and on April 29, 1991, which arose out of and in the course of her employment. The trial court held ore tenus proceedings on April 3, 1995. On December 26, 1996, Hicks died as a result of an automobile accident. On January 21, 1997, Tiki Simmons, the administratrix of Hicks’s estate, petitioned to be substituted as the plaintiff in Hicks’s action. Gregerson’s Foods objected to the proposed substitution. On June 9, 1997, Gregerson’s Foods filed a motion for a summary judgment, asserting that, pursuant to § 25-5-57(a)(5), Ala.Code 1975, Hicks’s estate was not entitled to receive benefits. The attorney for Hicks’s estate filed a response to the summary judgment motion. On April 9, 1998, following a hearing, the trial court granted the summary judgment motion filed by Greger-son’s Foods.
Hicks appeals, asserting that § 25-5-57(a)(5), Ala.Code 1975, does not bar her recovery.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Lewis v. State Farm Mut. Auto. Ins. Co., 705 So.2d 503 (Ala.Civ.App.1997). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
Section 25-5-57(a)(5), Ala.Code 1975, as it read before the 1992 amendments, provided, in pertinent part, as follows:
“In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death. If a workman who has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee’s surviving spouse and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman.... ”
In Owens v. Ward, 49 Ala.App. 293, 271 So.2d 251 (Ala.Civ.App.1972), this court first addressed the issue of whether a dependent is entitled to recover where the decedent’s degree of disability had not been agreed upon or ascertained by the court prior to his death, unrelated to his compensable injuries, stating as follows:
“In consideration of the fact that there were no rights of recovery of ben *1264 efits extended by the Workmen’s Compensation Act to estates or dependents of injured workmen who died from unrelated causes prior to the amendment of § 279(F) in 1955, we are bound, not only by laws of statutory construction, but by logic, to conclude that the legislature plainly expressed its intention by the language used. It granted to widows or dependents of injured workmen, subject to the Workmen’s Compensation Act, who subsequently died from unrelated causes, rights not previously held, but chose to limit such rights to those cases where there had, prior to death, been a determination of benefits due for the injury. Whether such restriction is fair and just to the widows or dependents of workmen who delayed action or had not had an opportunity to secure settlement or court determination of the amount of benefits is not a matter for our resolution. Such is a matter for the legislative conscience.”
49 Ala.App. at 297, 271 So.2d at 254. See also Bryant v. Arbor Acres Farm, Inc., 674 So.2d 539 (Ala.Civ.App.1995); Hardin v. Palmer Truss Co., 558 So.2d 963 (Ala.Civ.App.1990); Harris v. Kimerling Truck & Parts Co., 504 So.2d 304 (Ala.Civ.App.1986). In this case the parties had not agreed upon the degree of disability, nor had the trial court ascertained the degree of disability. Accordingly, we conclude that the trial court properly entered a summary judgment in favor of Gregerson’s Foods.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), AIa.Code 1975.
AFFIRMED.
All the judges concur.