Appellant Joe Kilgore was the employee of Morrison Electric Company, which was a subcontractor on a construction project of C.G. Canter, Jr. Associates, Inc., the owner and general contractor. While working for Morrison in the construction of the house owned by Canter, Kilgore was severely injured when heavy sheetrock fell on his leg.
Kilgore filed suit against C.G. Canter, Jr. Associates, Inc., and others, in which he claimed that Canter failed to maintain a safe place in which to work and that Canter was negligent in stacking and maintaining the sheetrock in a dangerous and unsafe condition. Canter filed a motion for summary judgment, claiming that it could not be sued by Kilgore in this case because Kilgore had received workmen's compensation benefits for his injury. The trial court granted summary judgment and dismissed Canter as a party-defendant. The court issued a final order under ARCP 54 (b), and Kilgore appealed. Two issues are presented:
1. Whether the trial court properly granted summary judgment dismissing the general contractor as a party-defendant when the plaintiff-appellant received workmen's compensation benefits paid on behalf of his employer, a subcontractor, by the workmen's compensation insurance carrier of the general contractor;
2. Whether the plaintiff-appellant is barred from suing a general contractor for negligence and failure to maintain a safe place to work when plaintiff has received workmen's compensation benefits from the general contractor's workmen's compensation insurance carrier made on behalf of the subcontractor.
Appellant Joe Kilgore was the sole employee of Morrison Electric Company. Soon after the accident, Kilgore was contacted by State Farm Fire and Casualty Company, Canter's workmen's compensation insurance carrier, and told that a workmen's compensation insurance policy covered his injury while he had been working for Morrison Electric Company and that payments thereunder would be forthcoming. The letter from the carrier, dated April 13, 1978, reads, in part, as follows:
 April 13, 1978 Mr. Joseph Kilgore 3005 Walnut Avenue
Anniston, AL 36201
 Re: Claim # WC 147 807 Insured C.G. Canter, Jr. Associates, Inc. Date of Accident 2-27-78
Dear Mr. Kilgore:
 Please be advised that State Farm Fire and Casualty Company provides Worker's Compensation Insurance for C.G. Canter, Jr. and Associates, Inc. We understand that at the time of your injury on February 27, 1978, you were employed with Morrison Electric Company who was under contract to C.G. Canter, Jr. and Associates, Inc. Since your injury was caused by an accident arising out of the line or scope of your employment with Morrison Electric Company, sub-contractor to C.G. Canter, Jr. and Associates, Inc. our Worker's Compensation policy and its benefits do apply to you in this accident.
 This is to advise you that the medical expenses you incurred as a result of your injury will be paid under this Worker's Compensation policy as well as compensation for the period of time that you are off from work recovering from this injury. We understand that your average weekly earnings was $106.00 per week *Page 62 
which entitles you to compensation in the amount of $70.70 per week compensation. We are attaching our draft made payable to you for $494.90 paying you compensation for the period of seven weeks from February 28, 1978, through April 17, 1978. We are at this time requesting medical reports from your physician, Dr. S.R. Smith. Any medical bills that you have incurred and received at this time should be forwarded to us immediately for payment. We are enclosing a self-addressed envelope for your convenience in submitting the medical bills to us.
 Please notify us immediately upon your physician releasing you to return to work so that there will not be an overpayment in compensation.
 You will receive weekly compensation checks until such time that you are released to return to work by your physician.
 Very truly yours, Jim McCain Claim Supervisor JM/ag 616
 cc: C.G. Canter, Jr. Associates, Inc. Jim Swift, 0754
Kilgore accepted those payments and forwarded his medical bill to the insurance company for payment. Thereafter, Kilgore received checks from State Farm Fire and Casualty Company in the amount of approximately $70 per week. Kilgore admitted receiving the $70 per week from the insurance carrier, but in an affidavit executed and filed in opposition to Canter's motion for summary judgment, he stated that he believed and understood the $70 per week that he received from the insurance carrier was paid on behalf of his own employer, Morrison Electric Company.
The trial court entered the following order on the motion for summary judgment:
ORDER
 This matter coming on to be heard on the motion of C.G. Canter, Jr. and Associates, Inc. for a summary judgment and it being stated to the Court by the pleadings, interrogatories, and by the attorneys:
 1. That Jerrell Morrison, an electrical contractor has one employee and is not subject to the Workmen's Compensation law of the State of Alabama.
 2. That Jerrell Morrison was hired as a subcontractor to wire the house by C.G. Canter and Associates, Inc., that was building the house.
 3. That Joe Kilgore was injured while working in the house.
 4. That Joe Kilgore began accepting Workmen's Compensation benefits from State Farm Fire and Casualty Insurance Company, that insured C.G. Canter, Jr. and Associates, Inc. under the Workmen's Compensation laws of this state, on February 27, 1978, in the sum of about $70 per week.
 5. That Kilgore has sued Terminal Builders Mart, C.G. Canter, Jr., C.G. Canter, Jr. and Associates, Inc., and Morrison.
 The Court is of opinion that Kilgore has made an election of remedies and is precluded from maintaining his action against C.G. Canter, Jr. and Associates, Inc., after accepting over two years of benefits under his Workmen's Compensation coverage. See Owens v. Word, [sic] [49 Ala. App. 293] 271 So.2d 251 and Kelley v. Dupree, [Ala.] 376 So.2d 1371.
 It is, therefore, ORDERED and ADJUDGED by the Court that the motion for summary judgment by C.G. Canter, Jr. and Associates, Inc. be and it hereby is dismissed as a party defendant in this action.
 At this hearing plaintiff moves to strike Jerrell Morrison as a party defendant. Said Motion is hereby granted and Jerrell Morrison be and he hereby is dismissed as a party defendant in this action.
If Kilgore was, in fact, the employee of Canter, the trial court would have been *Page 63 
correct, but in the cases cited by the trial court, there was an employer-employee relationship between the plaintiff and the defendant. Those cases, therefore, are inapt because the evidence presented in this case indicates that Kilgore was the employee of Morrison Electric Company, not of Canter. In any event, the fact issue of control was not settled; because of this fact and because there was evidence that Kilgore was not the employee of Canter, summary judgment in this case was inappropriate.
The Alabama Workmen's Compensation Act makes it clear that it is an exclusive remedy only in situations where an employee is suing his employer for injury in the course of his employment.See, Ala. Code 1975, §§ 25-5-51, -53; Owens v. Ward, 49 Ala. App. 293, 271 So.2d 251 (1972). In order to come within the terms of the Act, and therefore, have liability limited to the benefits paid thereunder, it is essential that the person seeking to limit the remedy of the injured party be in an employer-employee relationship with that party. If Kilgore was not the employee of Canter, the election of remedies provisions of the Workmen's Compensation Act would not apply, because the Workmen's Compensation Act itself would not apply.
Because of the foregoing reasons, the judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.