910 So.2d 1197 (2005)
Johnny POWE and Melinda Powe, Appellants,
v.
ROY ANDERSON CONSTRUCTION COMPANY, Inc., and ADS, L.L.C., Appellees.
No. 2004-WC-00805-COA.
Court of Appeals of Mississippi.
September 6, 2005.
*1198 Austin R. Nimocks, Biloxi, attorney for appellants.
Ben Ellis Sheely, Hattiesburg, Kelly Cash Lee, and Karen Korff Sawyer, Gulfport, attorneys for appellees.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.
¶ 1. Johnny Powe was injured in a work-related accident on January 17, 2002. Having received payments through workers' compensation, Powe and his wife filed suit against his employer, ADS, L.L.C. (ADS) and Roy Anderson (Anderson), the contractor who hired ADS. The defendants filed a motion for summary judgment, which the trial court granted. It is from this ruling which the Powes now appeal. Finding that the trial court properly ascertained and applied the law, we affirm.

*1199 FACTS AND PROCEDURAL HISTORY
¶ 2. Anderson, a Mississippi corporation, was hired as the general contractor overseeing the expansion of Vaught-Hemming-way Stadium in Oxford, Mississippi. Anderson sub-contracted ADS to perform the project's concrete finishing. ADS is an Alabama corporation with its principal place of business in Alabama. ADS subsequently hired Johnny Powe, a life-long Alabama resident, as a laborer on January 16, 2002.
¶ 3. On January 17, Powe and other ADS employees were pouring concrete for an elevator or stairwell shaft and were lifted to a location between sixty and eighty feet in the air. While they were working, the platform on which Powe and his co-workers were standing collapsed, causing Powe and the other workers to fall to the ground. Powe received a severe injury to his back which required surgery. Powe is now permanently partially disabled.
¶ 4. Powe and his wife filed suit in Hinds County on December 31, 2002. The litigation was subsequently transferred to Harrison County. ADS had workers' compensation insurance under a policy with the Alabama Self-Insured Workers' Compensation Fund. The Fund paid Powe benefits in the amount of $28,181 in addition to paying $96,127 for medical services rendered to Powe. The Fund filed a motion to intervene foregoing recovery against Anderson or ADS; however, the Fund is not a party to the appeal sub judice. Anderson filed a motion for summary judgment, arguing that it should be dismissed as a defendant because the company was immune under Mississippi law. ADS also filed a motion for summary judgment, arguing substantially the same theory. A hearing on the motion was held on October 13, 2003, and on April 1, 2004, the trial court granted both Anderson's and ADS's motions.
¶ 5. The Powes now appeal this ruling, arguing that the summary judgment was improper because of the following four points of error: (1) because this is a breach of contract action, Alabama law should apply; (2) under Alabama law, Anderson is not entitled to immunity; (3) under Alabama law ADS is not entitled to immunity; and (4) the motions for summary judgment were premature because Powe did not have adequate time for discovery on outstanding fact issues.

STANDARD OF REVIEW
¶ 6. "This Court applies a de novo standard of review to a grant of summary judgment by the lower court. The evidence must be viewed in the light most favorable to the party against whom the motion has been made." Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1002 (¶ 7) (Miss.2001) (quoting Russell v. Orr, 700 So.2d 619, 622 (¶ 8) (Miss.1997)).

APPLICABLE LAW
¶ 7. The Mississippi Workers' Compensation Act provides that "[i]n the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment." Miss.Code Ann. § 71-3-7 (Rev. 2000). The law further states that:
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife ... and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death[.]
Miss.Code Ann. Section 71-3-9 (Rev.2000). To avoid the exclusivity of the Workers' *1200 Compensation Act, the supreme court has set out the two elements that must be met:
(1) the injury must be caused by the willful act of the employer or another employee acting in the course of employment and in the furtherance of the employer's business, and
(2) the injury must be one that is not compensable under the act.
Peaster v. David New Drilling Co., Inc., 642 So.2d 344, 346 (Miss.1994) (citing Griffin v. Futorian Corp., 533 So.2d 461, 463 (Miss.1988), citing Miller v. McRae's Inc., 444 So.2d 368, 371-72 (Miss.1984)).
¶ 8. Additionally, although an injured party has made a claim against an employer or has accepted workers' compensation benefits, an injured party may bring a negligence action against "any other party" under Mississippi Code Annotated § 71-3-71 (Rev.2000). Our supreme court has determined that "where the subcontractor provided compensation coverage to its employees pursuant to its contract with the prime contractor, the prime contractor qualified as a statutory employer and was immune from a common law tort suit by the injured employee." Salyer v. Mason Technologies, Inc., 690 So.2d 1183, 1184 (Miss.1997) (citing Doubleday v. Boyd Constr. Co., 418 So.2d 823, 826-27 (Miss.1982)). Accordingly, in Mississippi, when a subcontractor has secured coverage for its employees, the immunity afforded by workers' compensation extends to the general contractor.
¶ 9. This position is consistent with the policy behind Mississippi's workers' compensation legislation. "The Workmen's Compensation Act represents a wide departure from common law because the Act precludes a common law tort action by an employee against his employer but, in return, assures the employee an award without the necessity of showing fault or negligence on the part of the employer." McCluskey v. Thompson, 363 So.2d 256, 259 (Miss.1978) (reversed on other grounds). It is well-settled law in Mississippi that this immunity extends not only to employers, but also to employees and officers or agents acting in the course and scope of their employment. Brown v. Estess, 374 So.2d 241, 242-43 (Miss.1979). "It is this Court's opinion that the purpose, spirit and philosophy of the Workmen's Compensation Act is to make compensation the exclusive remedy of the employee where he is injured by the employer or any of its employees during the course of his employment." Id.
¶ 10. Alabama's workers' compensation law also contains an exclusive remedy provision.
The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment. In addition, immunity from civil liability for all causes of action except those based upon willful conduct shall also extend to the workers' compensation insurance carrier of the employer....
Ala.Code Section 25-5-53 (1975). However, unlike Mississippi, Alabama's supreme court has held that an employee who has suffered a work-related injury may sue the general contractor in tort. See, e.g., Jones *1201 v. Crawford, 361 So.2d 518 (Ala.1978) (allowing suit by subcontractor's employee against prime contractor for failure to provide safe work environment); Kilgore v. C.G. Canter, Jr. & Associates, Inc., 396 So.2d 60 (Ala.1981).
¶ 11. In Kilgore, Kilgore was employed by Morrison Electric Company, which was a subcontractor on a construction project of C.G. Canter, Jr. & Associates, Inc., the owner and general contractor. While working for Morrison in the construction of a house owned by Canter, Kilgore was injured when heavy sheetrock fell on his leg. Kilgore sued Canter, claiming that Canter failed to maintain a safe place in which to work and that Canter was negligent in stacking and maintaining the sheetrock in a dangerous and unsafe condition. Canter sought summary judgment, arguing that it could not be sued because Kilgore had already received workman's compensation. Finding that the trial court improperly granted summary judgment in favor of Canter, the Alabama supreme court opined:
The Alabama Workmen's Compensation Act makes it clear that it is an exclusive remedy only in situations where an employee is suing his employer for injury in the course of his employment. See, Ala.Code 1975, §§ 25-5-51, -53; Owens v. Ward, 49 Ala.App. 293, 271 So.2d 251 (1972). In order to come within the terms of the Act, and therefore, have liability limited to the benefits paid thereunder, it is essential that the person seeking to limit the remedy of the injured party be in an employer-employee relationship with that party.
Kilgore, 396 So.2d at 63. Thus, unlike Mississippi law, Alabama's workers' compensation legislation does not extend immunity to general contractors if the general contractor is not the injured party's employer.
¶ 12. Faced with conflicting provision of immunity, we must next decide whether to apply the substantive law of Mississippi or Alabama.
¶ 13. Since Craig v. Columbus Compress & Warehouse Co., 210 So.2d 645, 649 (Miss.1968) and Mitchell v. Craft, 211 So.2d 509 (Miss.1968), when deciding conflict of law questions, Mississippi has ascribed to the most significant relationship test embodied in the Restatement (Second) of Conflicts of Law. McDaniel v. Ritter, 556 So.2d 303, 310 (Miss.1989). The "significant relationship" test is also often referred to as the "center of gravity" analysis. Church v. Massey, 697 So.2d 407, 410 (Miss.1997). "The `center of gravity' test focuses on the contacts between the parties and the forum." Ford v. State Farm Ins. Co., 625 So.2d 792, 794 (Miss.1993). In conflicts of law questions, if the action is an action sounding in tort, this state applies the factors outlined in Section 145 of the Restatement (Second) of Conflicts of Laws, which provides as follows:
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties,
(d) the place where the relationship, if any, between the parties is centered. *1202 These contacts are evaluated according to their relative importance with respect to the particular issue.
McDaniel, 556 So.2d at 310.
¶ 14. Concerning contractual matters, our supreme court has cited Section 188 of the Restatement (Second) Conflicts of Laws with approval. O'Rourke v. Colonial Ins. Co. of California, 624 So.2d 84, 86 (Miss.1993). "Section 188 sets forth certain principles to be applied in making choice of law determinations in contract actions generally." Boardman v. United Services Automobile Ass'n, 470 So.2d 1024, 1032 (Miss.1985). This Section provides as follows:
§ 188. Law Governing the absence of Effective Choice by the Parties
...
(2) In the absence of an effective choice of law by the parties (see § 187), the contracts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place of contracting,
(b) the place of negotiation of the contract,
(c) the place of performance,
(d) the location of the subject matter of the contract, and
(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Boardman, 470 So.2d at 1032. The Boardman court also recognized the importance of § 6, writing:
Embracing the Restatement (Second) of Conflicts of Laws, § 6, Mitchell enumerated a number of factors relevant to a choice of law determination. These include: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relevant interest of those states in the determination of a particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability, and uniformity of results; (7) ease and determination in application of law to be applied.
Id. at 1031 (citing Mitchell, 211 So.2d at 516).[1]
¶ 15. The trial court granted summary judgment against the Powes, finding that ADS and Anderson were immune from the claims filed by Powe and his wife. The Powes argue that their action is an action for breach of contract; thus, under the Restatement (Second) of Conflicts of Laws, Alabama law applies. The Powes further argue that under Alabama law, although Powe has been compensated by workers' compensation for his injury, the Powes' causes of action fit into an exception *1203 to the provision that workers' compensation provides the exclusive remedy for on-the-job injuries. Anderson and ADS argue that this is an action in tort, and Mississippi law controls; therefore, workers' compensation provides the exclusive remedy for Powe's injuries. ADS argues that even if Alabama law applies, because Powe was compensated through workers' compensation, ADS is immune from liability because the Powes' claims do not fit within any recognized exception to the exclusivity provision of workers' compensation permitting Powe to recover in tort. In its brief, Anderson does not address its status as a general contractor under Alabama law.

I. ACTION IN CONTRACT OR ACTION IN TORT?
¶ 16. There are no contract claims alleged in the complaint. Although not dispositive of this issue, we note that the word "contract" does not once appear in the complaint. Reviewing the substance of the complaint, the Powes allege ADS and Anderson committed the following seventeen acts of negligence:
(1) Failing to utilize the materials set forth in the plans and specifications of the subject structure which collapsed;
(2) Failing to discern whether or not the location of the subject structure which collapsed would be sufficient to support the subject structure which collapsed;
(3) Failing to both properly time and timely inspect the subject structure which collapsed;
(4) Failing to require the usage of and/or use certain materials necessary to support the subject structure which collapsed;
(5) Failing to draw and design proper plans and specifications for the subject structure which collapsed;
(6) Failing to properly supervise the construction of the subject structure which collapsed;
(7) Failing to properly construct the subject structure which collapsed;
(8) Failing to require workers such as the Plaintiff to wear and utilize safety equipment;
(9) Failing to provide workers such as the Plaintiff with proper safety equipment;
(10) Failing to hire qualified and/or properly licensed employees to perform the tasks necessary regarding the planning, design, and construction of the subject matter which collapsed;
(11) Failing to have the plans and designs for the subject structure which collapsed reviewed by an independent or outside individual or agency to insure that such plans or designs were suitable and adequate;
(12) Failing to properly and effectively communicate regarding the subject structure which collapsed;
(13) Failing to provide workers such as the Plaintiff with a reasonable and adequate place to which they could secure their safety equipment while working on the subject structure which collapsed;
(14) Failing to properly supervise the amount of weight permitted onto and/or within the subject structure which collapsed;
(15) Failing to properly abide by all governmental and/or other applicable regulations regarding all aspects of the subject structure which collapsed;
(16) Failing to provide a reasonably safe working environment for workers such as the Plaintiff; and
(17) Failing to advise workers such as the Plaintiff of all potential risks and/or dangers of working in or around the subject structure which collapsed.
*1204 ¶ 17. The Powes further alleged that "the conduct of the Defendants previously described constitutes gross negligence in that it demonstrated willful, wanton, and reckless conduct, exhibiting a complete and total disregard for the lives, rights and safety of the Plaintiff and others."
¶ 18. We fail to see how this can be construed as an action in contract. "`Of the numerous definitions of "negligence," among the best has been declared to be "the failure to observe, for the protection of the interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury."'" Cole v. Delchamps, Inc., 246 Miss. 846, 853, 152 So.2d 911, 913 (1963) (citing Clark v. Gilmore, 213 Miss. 590, 57 So.2d 328 (1952) (citing 65 C.J.S. Negligence § 1a(2), p. 304)). The allegations in this complaint clearly address ADS's and Anderson's respective failures to adhere to the appropriate standard of care, including ADS's and Anderson's alleged failures to provide proper safety equipment, failure to inspect the structure, failure to adequately inspect the structure, among other enumerated acts of negligence. We find that this is an action more appropriately categorized as an action in tort.

II. CHOICE OF LAW ANALYSIS
¶ 19. Since this action is clearly an action sounding in negligence, under McDaniel, we apply § 145 to determine whether to apply the law of Alabama or Mississippi. The following factors weigh in favor of applying Mississippi law: the accident occurred in Mississippi; witnesses to the accident are in Mississippi; the activities giving rise to the accident occurred in Mississippi; and finally, Anderson is a Mississippi corporation. The two factors in favor of applying Alabama law are that Powe and his wife are domiciled in Alabama, and that ADS is an Alabama corporation.

A. ADS
¶ 20. It is clear that ADS, as Powe's employer, is immune from suit under Mississippi law. Miss.Code Ann. Section 71-3-9 (Rev.2000). Furthermore, nothing in the record indicates that Powe can show that (1) his injury was caused by the willful actions of ADS and (2) that the injury is not compensable under the Act. See Peaster, 642 So.2d at 346. Thus, in Mississippi, Powe and his wife's exclusive remedy is provided by workers' compensation. Miss.Code Ann. Sec. 71-3-9.
¶ 21. Alabama permits suit against an employer if the relationship between the employer and employee triggers the "dual capacity" exception.
Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.
Stone v. U.S. Steel Corp., 384 So.2d 17, 18 (Ala.1980) (citing A. Larson, 2A The Law of Workmen's Compensation, s 72.80, p. 14-112 (1976)). Were we to determine that Alabama law controls, the Powes have not shown that ADS fits within this narrow exception. Nothing in the record indicates that ADS undertook a position other than the role of employer, thus this exception under Alabama law does not apply. ADS, as Powe's employer, is immune under Alabama law as well as Mississippi law regarding both Powe's and his wife's claims; therefore, summary judgment on this issue was appropriate.

B. ANDERSON
¶ 22. Considering the factors outlined in § 6 and § 145, we agree with the *1205 trial court that Mississippi law should apply. Mississippi has the most significant contacts with the parties and the occurrence. Additionally, the decision to apply Mississippi law is supported by our long-standing public policy of protecting employees and employers as expressed through our workers' compensation legislation. From the record before this Court, it is clear that Powe was injured within the meaning enunciated in the Mississippi workers' compensation statute. His injury was an accidental injury "arising out of and in the course of employment without regard to fault which results from an untoward event or events...." Miss.Code Ann. Section 71-3-3(b) (Rev.2000). Powe's on-the-job injury is more appropriately addressed through the workers' compensation system, and in Mississippi, that system provides the exclusive remedy for an injured employee and "his legal representative, husband or wife ... and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death." Miss.Code Ann. Section 71-3-9.
¶ 23. Mississippi has extended this immunity to general contractors who have required subcontractors to secure workers' compensation insurance as in the case sub judice. "It is our opinion the legislature did not intend to subject a general contractor to common law liability if he complied with § 71-3-7 by requiring the subcontractor to have workmen's compensation insurance. It would defeat the purpose of the statute, we think, if such an improbable result followed." Doubleday, 418 So.2d at 826.
¶ 24. For these reasons, we find that summary judgment was proper.

III. TIMELINESS OF SUMMARY JUDGMENT
¶ 25. The Powes also argue that summary judgment was premature, in that they "did not yet have sufficient time to conduct discovery on outstanding fact issues." The Powes cite to Malone v. Aetna Cas. and Sur. Co., 583 So.2d 186, 187 (Miss.1991), and T.M. v. Noblitt, 650 So.2d 1340, 1345 (Miss.1995), in support of his argument that summary judgment was premature. We disagree. Unlike the litigants in Malone, the Powes never requested additional time to conduct discovery. Additionally, under Mississippi's workers' compensation act, ADS and Anderson are immune. We do not agree that further discovery will pierce this immunity. Powe was injured while at work, his injuries are compensable under workers' compensation, and there is no evidence that either ADS or Anderson willfully injured him. This issue is without merit.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Section 6 of the Restatement (Second) Conflicts of Law provides as follows:

Choice-Of-Law Principles
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.